IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHAEL NGRIME, | ) | |
| | ) | |
| Plaintiff, | ) | 8:13CV194 |
| | ) | |
| v. | ) | |
| | ) | |
| MOSAIC, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff filed his Complaint in this matter on July 1, 2013 (Filing No. 1).  Plaintiff has been given leave to proceed in forma pauperis (Filing No. 5).  The court now conducts an initial review of plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I.   **SUMMARY OF COMPLAINT**

Plaintiff filed his complaint against Mosaic, a non-profit corporation that provides "services to individuals with disabilities."  (Filing No. 1 at CM/ECF p. 1.)  Plaintiff resides in Omaha, Nebraska, and is native of Cameroon, West Africa.  (*Id.* at CM/ECF p. 2.)  Liberally construed, plaintiff has sued Mosaic for discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2 ("Title VII"), and the Nebraska Fair Employment Practice Act, Neb. Rev. Stat. §§ 48-1101 to 48-1126 ("NFEPA").

Plaintiff alleges that from November 28, 2011, to May 17, 2012, he was employed by Mosaic as a direct support associate.  (*Id.*)  Plaintiff alleges that his coworkers "harassed, threatened and intimidated" him, and plaintiff's superiors "sanctioned [his coworkers'] conduct."  (*Id.* at CM/ECF p. 3.)  Plaintiff's description of this harassing, threatening, and intimidating behavior is very general.  He alleges his coworkers did not like him, ignored him, talked about him, called him names, and used profanity when communicating with him or about him.  (*Id.*)  As best as the Court can tell, the only example that plaintiff provides of his coworkers' behavior is that they stated he "did not work for the clients."  (*Id.*)

Plaintiff also alleges that Mosaic imposed "different and unique working conditions" on him by treating him "in a demeaning and disparaging manner through assignments and in verbal communication."  (*Id.*)  Plaintiff's description of these "different and unique working conditions" is very general.  He alleges only that he "was not informed of plans, activities and assignments directly by his supervisors" and, when supervisors called him, they were abrupt or refused to speak to him.  (*Id.*)

Plaintiff's employment with Mosaic was terminated in May 2012 after the Nebraska Department of Health and Human Services received an anonymous tip that plaintiff physically

-2-

abused a resident.  (*Id.* at CM/ECF pp. 6-7.)  Mosaic did not offer to rehire plaintiff after the Nebraska Department of Health and Human Services determined the allegations were unfounded. (*Id.* at CM/ECF pp. 1, 6-7.)

Plaintiff alleges that Mosaic discriminated against him "because of his race, color or African heritage" through "sabotage, rumors, gossip, and silent treatment." (*Id.* at CM/ECF p. 7.)  He seeks an unspecified amount of compensatory and punitive damages from Mosaic.  (*Id.* at CM/ECF pp. 7-8.)

## II.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2).  The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim

-3-

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III. DISCUSSION OF CLAIMS

Prior to filing a suit in federal court under Title VII, a plaintiff is required to exhaust his administrative remedies by first seeking relief through the Equal Employment Opportunity Commission ("EEOC") or the Nebraska Equal Opportunity Commission. The EEOC/NEOC will then investigate the charge and determine whether to file suit on behalf of the charging party or make a determination of no reasonable cause. If the EEOC/NEOC determines that there is no reasonable cause, the agency will then issue the charging party a right-to-sue notice. 42 U.S.C.A. § 2000e-5(f)(1); *see also Hanenburg v. Principal Mut. Life Ins. Co.*, 118 F.3d 570 (8th Cir. 1997). The charging party has 90 days from the receipt of the right-to-sue notice to file a civil

-4-

complaint based on his charge.  42 U.S.C.A. § 2000e-5(f)(1).  The
civil complaint may only encompass issues that are reasonably
related to the substance of charges timely brought before the
EEOC/NEOC.  *Williams v. Little Rock Mun. Water Works*, 21 F.3d
218, 222 (8th Cir. 1994).

Here, plaintiff has not attached a right-to-sue letter
from the EEOC/NEOC.  However, he alleges that the EEOC/NEOC
issued a right to sue letter on March 20, 2013 (Filing No. 1 at
CM/ECF p. 4).  Plaintiff did not file suit in this matter until
July 1, 2013, which is 103 days after the right-to-sue letter was
issued.  Plaintiff does not contend that any equitable or
exceptional circumstances exist that warrant tolling of the 90-
day period.

On the Court's own motion, plaintiff will be given 20
days to show cause why this case should not be dismissed for his
failure to file suit within 90 days of receipt of a right-to-sue
letter from the EEOC/NEOC.  If plaintiff fails to show that
equitable or exceptional circumstances exist that warrant tolling
of the 90-day period, this matter will be dismissed without
further notice.

IT IS ORDERED:

1.  Plaintiff shall have 20 days to show cause why
this case should not be dismissed for his failure to file suit

-5-

within 90 days of receipt of a right-to-sue letter from the EEOC/NEOC.  If plaintiff fails to show that equitable or exceptional circumstances exist that warrant tolling of the 90-day period, this matter will be dismissed without further notice.

    2.    The Court directs the clerk of the court to set the following pro se case management deadline in this matter: October 21, 2013:  Deadline for plaintiff to show cause.

    3.    The Court reserves the right to conduct further review of plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) after plaintiff addresses the matters set forth in this Memorandum and Order.

    DATED this 3rd day of October, 2013.

                    BY THE COURT:

                    /s/ Lyle E. Strom
                    _____
                    LYLE E. STROM, Senior Judge
                    United States District Court

_____

    * This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.