```
             IN THE UNITED STATES DISTRICT COURT

                 FOR THE DISTRICT OF NEBRASKA

MICHAEL NGRIME,              )
                             )
          Plaintiff,         )         8:13CV194
                             )
     v.                      )
                             )
MOSAIC,                      )         MEMORANDUM OPINION
                             )
          Defendant.         )
_____)
```

This matter is before the Court on the motion (Filing No. 41) of defendant Mosaic for summary judgment against plaintiff Michael Ngrime ("Ngrime") filed pursuant to Federal Rule of Civil Procedure 56. Upon reviewing the motion, briefs, evidence, and relevant law, the Court finds as follows.

I.  BACKGROUND

Mosaic is a non-profit, faith-based entity which serves people with intellectual disabilities (Filing No. 42, at 2, ¶ 1). Ngrime is a black, West African male from the nation of Cameroon (*Id.* at ¶ 2). Mosaic employed Ngrime as a Direct Support Associate ("DSA"), a position responsible for training and assisting Mosaic's clients in daily living activities (*Id.* at 3, ¶ 5). Ngrime worked for Mosaic from November 28, 2011, until May 17, 2012 (*Id.* at 2, ¶ 2; *Id.* at 9, ¶ 36).

Mosaic states the basis of Ngrime's termination was an allegation from a coworker, Jasmine Branch ("Branch"), made May

9, 2012, stating Ngrime physically abused one of Mosaic's clients, J.J. ("JJ") (*Id.* at 5-6, at ¶ 19). Mosaic interviewed Ngrime, Branch, JJ, and others during its investigation of the allegations on May 11, 2012 (*Id.* at 6-7, ¶ 25). Branch reported that, on the day in question, Ngrime and JJ fought repeatedly, but ultimately, Ngrime open-handed hit JJ on the right side of his back, below the shoulder blade (*Id.* at 7, ¶ 28). Branch also reported that Ngrime later mocked JJ's pain (*Id.* at 7-8, ¶ 29). Ngrime denied hitting JJ but explained that he defensively held JJ's hands behind his back after JJ attacked Ngrime (*Id.* at 8, ¶ 30). JJ reported that Ngrime and JJ fought, that he was hurt, and that Ngrime was the one who hurt him (*Id.* at ¶ 30). Investigator Nicole Halpine ("Halpine") observed a reddened scabbed area on JJ's right shoulder (*Id.* at ¶ 32). Halpine issued the following report to Mosaic on May 16, 2012:

> I can substantiate that [Ngrime] and [JJ] were involved in physical altercation two times on the evening of 05/08/12. These altercations took place because of [Ngrime] taking soap out of [JJ's] room. When the first event happened, [JJ] hit [Ngrime] and Jasmine removed roommate T.S. so he would not be scared. Co-worker Savanna came over when she heard the yelling and helped de-escalate the situation. The second altercation took place when [JJ] was again asking for soap and

> [Ngrime] entered his room to look
> for the soap.  [JJ] told him to
> leave and hit [Ngrime] again.  This
> time their fingers locked up and
> [JJ] released one hand and
> continued to hit [Ngrime].  [JJ]
> then went to the kitchen to get
> soap for his shower and when Ngrime
> tried to redirect him, [JJ] hit him
> again and [Ngrime] hit [JJ] on the
> right side of his back below the
> shoulder blade.  Jasmine did not
> say anything to [Ngrime] and did
> not intervene, she gave [JJ] his
> rationed soap and [JJ] went to take
> a shower.  At this time Jasmine
> noticed that [JJ's] back shoulder
> area was red.  At the end of her
> shift, [JJ's] back was still red,
> she did call Mary Range, DSA when
> she was off work to discuss what to
> do and was told to report it,
> however Jasmine did not report the
> incident to anyone.

(*Id.* at 8-9, ¶ 35 (citing Filing No. 42-3 ("Ex.49"), at 223-24)). Mosaic terminated Ngrime May 17, 2012 (*Id.* at 9, ¶ 36).  May 30, 2012, Ngrime appealed his termination and claimed for the first time that his discharge was based on his race, national origin, or color (*Id.* at 9-10, ¶ 39).

On August 13, 2012, after an appeal upheld his termination, Ngrime filed his complaint against Mosaic with the Nebraska Equal Opportunity Commission ("NEOC"), which was cross-filed with the Equal Employment Opportunity Commission ("EEOC") (*Id.* at 10, ¶ 41).  Ngrime alleged race, color, and

national origin discrimination under Title VII of the 1964 Civil Rights Act and the Nebraska Equal Employment Practice Act ("FEPA") (*Id.*). On January 30, 2013, the NEOC issued a "no reasonable cause" finding and a "right to sue" notice (*Id.* at ¶ 42). The EEOC adopted the NEOC's findings and sent a "right to sue" on March 26, 2013 (Filing No. 42, at 10, ¶ 43; Filing No. 8, at 3). Ngrime filed his lawsuit in federal court July 1, 2013, and amended his complaint November 21, 2013 (*Id.* at 42, ¶ 44). Ngrime alleges disparate treatment and harassment at Mosaic based upon his race, color, and national origin (*Id.*).

II.  STANDARD OF REVIEW

A motion for summary judgment shall be granted by the Court "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material" fact is one that "might affect the outcome of the suit under the governing law," and a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). On a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts. *Wood v. SatCom Marketing, LLC*, 705 F.3d 823, 828 (8th Cir. 2013).

The moving party bears the burden to establish that no genuine issue of material fact exists. Fed. R. Civ. P. 56(a); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). If the moving party does not meet its initial burden, summary judgment must be denied even if no affidavits or other evidence have been submitted in opposition to the motion. *See id.* at 159-60. After the moving party has met its burden, "the non-moving party may not rest on the allegations of his pleadings, but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *Singletary v. Missouri Dept. of Corrections*, 423 F.3d 886, 890 (8th Cir. 2005).

III. DISCUSSION

A.  TIME BAR

Section 2000e-5 of Title 42 limits to 90 days the time period in which a plaintiff may timely file a motion in federal court after a receipt of an EEOC "right to sue" letter. Mosaic claims Ngrime's motion was untimely and moves for summary judgment. The EEOC letter was sent on March 26, 2013. Filing No. 42, at 10, ¶ 43; Filing No. 8, at 3. Ngrime filed his lawsuit Monday, July 1, 2013. *Id.* at ¶ 44. That is a difference of 97 days, not counting March 26, 2013.

In *Barnes v. Riverside Seat Co.*, the Eighth Circuit intimated the adoption of the Sixth Circuit's analysis in *Cook v. Providence Hospital* regarding the counting of time for Section 2000e-5. The Sixth Circuit made the following statement:

> At common law, there is a presumption that a properly addressed, stamped, and mailed letter is received by the addressee. *See, e.g.*, *Simpson v. Jefferson Standard Life Ins. Co.*, 465 F.2d 1320, 1323 (6th Cir. 1972) (citing *Wigmore on Evidence* § 95, at 524 (3d ed.)). As we recently intimated in *Hunter v. Stephenson Roofing, Inc.*, 790 F.2d 472, 475 (6th Cir. 1986), there is a presumption that mail is received by the addressee and the ninety day time limit **begins to run five days after the EEOC Notice of Right to Sue is mailed**.

*Cook v. Providence Hospital*, 820 F.3d 176, at 179 n.3 (6th Cir. 1987). The Eighth Circuit cited *Cook* in *Barnes*, saying "[w]e find no abuse of discretion in the denial of Barnes's post-judgment motion, in which he asserted for the first time that he never received the right-to-sue letter . . . [*Cook*] (presuming receipt of EEOC right-to-sue letter within 5 days of mailing absent convincing denial of receipt)." *Barnes v. Riverside Seat Co.*, No. 2-1623, 2002 WL 31027585, at *1 (8th Cir. Sept. 12, 2002).

Presuming, for Ngrime's sake, that the Eighth Circuit did adopt a five-day extension, the analysis changes as follows. The EEOC mailed the "right to sue" letter on March 26, 2013. Filing No. 42, at 10, ¶ 43; Filing No. 8, at 3. The common-law presumption tolls the beginning of the ninety-day period for five days; therefore, it is presumed that Ngrime received the EEOC letter Monday, April 1, 2013. *Barnes*, No. 2-1623, 2002 WL 31027585, at *1 (citing *Cook*, 820 F.3d at 179 n.3). Ninety days after Monday, April 1, 2013, is Sunday, June 30, 2013. Filing No. 42, at 16. What the defendant failed to recognize was the application of Federal Rule of Civil Procedure 6(a)(1)(C), which states "[w]hen the period is stated in days or a longer unit of time. . . (C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C). Because the final day was June 30, 2013, a Sunday, the Federal Rules require the Court to continue the period to the following non-holiday weekday. That day was Monday, July 1, 2013, the day Ngrime filed his complaint. Therefore, the Court finds that the complaint was timely filed.

B.   DISCRIMINATION

Ngrime does not offer any direct evidence of discriminatory intent to support his claim, so the Court must analyze the facts of his claim under the familiar burden-shifting framework set out by the *McDonnell Douglas* line of cases. *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506-08 (1993). As a matter of law, Ngrime is required to produce such evidence to prove the following *prima facie* elements: "(1) he is a member of a protected class, (2) he met his employer's legitimate expectations, (3) he suffered an adverse employment action, and (4) the circumstances give rise to an inference of discrimination (for example, similarly situated employees outside the protected class were treated differently)." *Gibson v. Am. Greetings Corp.*, 670 F.3d 844, 853-54 (8th Cir. 2012)). If Ngrime can meet these elements, Mosaic may still prove it has a "legitimate, non-discriminatory reason" to discharge Ngrime. *Id.* at 856.

Disposing of any disputed material fact in favor of Ngrime, the Court makes the following findings. Ngrime is a member of his asserted protected classes. Whether Ngrime met Mosaic's legitimate expectations depends upon whether Ngrime assaulted JJ. Ngrime has contested Mosaic's statement of facts, he has maintained his innocence of this allegation. Therefore,

-8-

this question is one of fact to be resolved by jury.  Ngrime experienced adverse employment action.

The Court finds that Ngrime cannot prove the final element, circumstances giving rise to an inference of discrimination.  To prove this element, Ngrime must find disparate behavior in Mosaic's actions between Ngrime and similarly situated, non-protected-class employees.  First, Ngrime claimed that two other white employees, Kraft and Kenniston, did the same thing as Ngrime but were not discharged.  Later, Ngrime admitted these two men did not hit a client.  Ngrime finally argues in his brief that no similarly situated employees not in his class ever existed at Mosaic.

However, Mosaic has presented a list of persons discharged for attacking clients in the 2011 and 2012.  Filing No. 42-3, at 232-37, Filing No. 42, at 11, ¶ 46.  Of these six individuals, five were white and one was black.  Filing No. 42, at 11, ¶ 46, Filing No. 42-3, at 114-115.  Three of the white individuals were Direct Support Associates, which was Ngrime's exact job title.  Filing No. 50, at 5.  The evidence adduced at summary judgment gives no inference of discrimination.  Therefore, the defendant's motion for summary judgment will be granted.

Assuming Ngrime could prove the elements, Mosaic has presented a legitimate, non-discriminatory reason to terminate Ngrime. There is no doubt, and it is uncontroverted between the parties, that employee violence against clients is a legitimate reason to terminate employment. *Billups v. Methodist Hosp. of Chicago*, 922 F.2d 1300, 1303 (7th Cir. 1991) ("There is little doubt that the defendant's articulated reason is legitimate. Physically abusing [a] . . . patient is serious misconduct."); Filing No. 42, at 19; Filing No. 42-3, at 69-70 (Ngrime's Deposition in which he states that striking a resident is a legitimate nondiscriminatory reason for termination).

Finally, Ngrime has adduced no evidence of pretext. Though Ngrime vigorously defends his innocence against the allegations of JJ and Branch, the Eighth Circuit has clarified the distinction between conduct and good-faith belief of conduct:

> The critical inquiry in discrimination cases like this one is not whether the employee actually engaged in the conduct for which he was terminated, but whether the employer in good faith believed that the employee was guilty of the conduct justifying discharge. *Hitt v. Harsco Corp.*, 356 F.3d 920, 924 (8th Cir. 2004); *Scroggins v. Univ. of Minn.*, 221 F.3d 1042, 1045 (8th Cir. 2000). A plaintiff seeking to survive an employer's motion for summary judgment must therefore show a

-10-

> genuine issue for trial about
> whether the employer acted based on
> an intent to discriminate rather
> than on a good-faith belief that
> the employee committed misconduct
> justifying termination. *Johnson*,
> 424 F.3d at 811. [The plaintiff]
> has not presented sufficient
> evidence to create an issue for
> trial on the question whether the
> final decision maker . . . and the
> principal recommender . . .
> genuinely believed that he had
> engaged in such conduct.
>
> * * *
>
> The record in support of the
> employer's conclusion is not so
> sparse, or the employer's
> conclusion so implausible, that
> [the plaintiff's] challenge to the
> *merits* of the decision can create a
> genuine issue about whether the
> employer's *motivation* was
> impermissible. . . . [The
> plaintiff] points to nothing in the
> record suggesting that [the
> employer] did not honestly believe
> that [the plaintiff] [did that
> which he was accused of] on
> multiple occasions.

*McCullough v. Univ. of Arkansas*, 559 F.3d 855, 861-62 (8th Cir. 2009) (affirming summary judgment on discrimination claim for the employer). Ngrime vigorously denies ever attacking JJ and has fallen into a classic issue in employment law cases. Ngrime is under the false impression that Mosaic bears a burden to prove Ngrime physically abused JJ. *See* Filing No. 47, at 30

-11-

("Defendant does not have even a scintilla of evidence that Plaintiff physically abused a resident."); *Id.* at 35.  Ngrime is not on trial for his alleged violence against Mosaic's client, nor is his burden simply to argue and prove whether the violence occurred, he must adduce evidence as to whether Mosaic acted in good faith in its adverse employment actions.  Ngrime has produced nothing to create a question in the mind of a jury that Mosaic did not act in good faith in its investigation and its conclusion.

Finally, the Court has considered Ngrime's hostile work environment claim and finds it should be dismissed because Ngrime failed to notify Mosaic of his co-workers' actions.  *See Joens v. John Morrell & Co.*, 243 F. Supp. 2d 920, 932-33 (N.D. Iowa 2003) ("[T]he Eighth Circuit Court of Appeals has reiterated that in order to establish employer liability for harassment by co-workers, a plaintiff must establish that the employer 'knew or should have known of the conduct and failed to take proper remedial action.'").

IV.  CONCLUSION

For the foregoing reasons, defendant's motion will be granted and the plaintiff's complaint will be dismissed.  A

separate order will be entered in accordance with this memorandum opinion.

DATED this 7th day of October, 2014.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court